**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN DUNN, | CASE NO. 1:06-cv-0088-AWI-DLB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS |
| J. CASTRO, et al., | (Doc. 21 & 38) |
| Defendants. | |

I. <u>Order</u>

    A.    <u>Procedural History</u>

Plaintiff Dylan Dunn, ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed January 27, 2006, against defendants Castro, Surges, Stockman, Ortiz, Yamamoto, and Scribner ("defendants") for violation of his due process rights, based on defendants allegedly prohibiting plaintiff's visitation with his minor children based on findings of eliciting illegal sexual contact in concert with a minor. On May 11, 2007, defendants Surges, Ortiz, Yamamoto, and Scribner filed a motion to dismiss based on qualified immunity and for failure to state a claim Fed. R. Civ. P. 12(b)(6) – which was later joined by Stockman and Castro. Opposition and reply documents were filed. The motion has been deemed submitted. Local Rule 78-230(m).

    B.    <u>Plaintiff's Complaint</u>

In his complaint, plaintiff alleges that his due process rights were violated when he was

1

denied visitation privileges with his minor children, from January 29, 2004 through July 28, 2005, based on a findings of eliciting illegal sexual contact in concert with a minor, which occurred on May 7, 2002. Restriction on plaintiff's visitation was overturned on February 18, 2005, but the actual restriction on plaintiff's visitation with his children was not lifted until July 28, 2005.

### C. Motion to Dismiss for Failure to State a Claim

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

2

262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.   Given the requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim.  It has further been held that defendants' papers filed in support of a motion to dismiss may demonstrate that they had fair notice of what the plaintiffs' claims are and the grounds upon which they rest. See Leatherman v. Tarrant County Narcotice Intell. and Coordination Unit, 507 U.S. 163, 168 (1993).

Defendants argue that this Court should follow Overton v. Bazzetta, 539 U.S. 126, 132 (2003) which requires that regulations be evaluated under the factors enumerated in Turner v. Safley 482 U.S. 78, 89-90 (1987).  While these factors are relevant at the fact finding stage, it would be inappropriate for the Court to apply them to this present motion as a motion to dismiss under Rule 12(b)6 is not the proper vehicle to "define disputed facts" and "dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. A motion to dismiss merely questions the sufficiency of the pleadings to put the opposing party on notice of a plaintiff's claim(s).

In the instant case, the Court conducted a preliminary screening of the case on December 28, 2006, and determined that, per the notice pleading standards, plaintiff adequately stated a cognizable claim for relief for violation of due process against all the remaining named defendants.  The Court finds that plaintiff has stated cognizable claims such that the present motion to dismiss is denied.

D.      Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

    The Supreme court has directed that the qualified immunity analysis is a three-part inquiry. First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury ... show that the [defendant's conduct] violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the second step is to ask whether the right was clearly established at the time of the alleged violation. Id. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Saucier v. Katz, 533 U.S. 194, 201 (2001). "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Saucier, 533 U.S. at 202 (citation omitted). Finally, the court must conclude whether a reasonable officer in these circumstances would have thought her or his conduct violated the alleged right. Saucier, 533 U.S. at 205; Jackson v. City of Bremerton 268 F.3d 646, 651(9th Cir. 2001)

        1.    Violation of Plaintiff's Constitutional Right(s)

"It is well established that a parent has a 'fundamental liberty interest' in 'the companionship and society of his or her child' and that '[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. § ]1983.' Kelson v. City of Springfield 767 F.2d 651, 654-55 (9th Cir. 1985) (citing Santosky v. Kramer 455 U.S. 745, 753 (1982) '[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents.' Smith v. City of Fontana 818 f.2d 1411, 1418 (9th Cir. 1987) overruled on other grounds by Hodges-Durgin v. de la Vina 199 F.3d 1037 (9th Cir. 1999). Moreover, 'the First Amendment protects those relationships, including family relationships, that presuppose "deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life."' Board of Dir. v. Rotary Club 481 U.S. 537, 545 (1987) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 619-20 (1984); see also Conti v. City of Fremont, 919 F.2d 1385,

1   1388-1389 (9th Cir. 1990).'' Lee v. City of Los Angeles 250 F.3d 668, 685 (9th Cir. 2001).

2   Thus, plaintiff has a fundamental liberty interest in his relationship with his children that
3   cannot be infringed on by the state without due process of law.  It is this fundamental liberty
4   interest that plaintiff claims defendants infringed on without due process, when they banned
5   visitation with his children.  Thus, the first step in the analysis is met.

6       2.    <u>Establishment of the Right</u>

7   The second step in the analysis is determination as to whether the right was clearly
8   established at the time the actions complained of took place.  The case law identifying and
9   establishing a parent's fundamental interest in the relationship with his children dates back to the
10  early 1980's – approximately 20 years prior to the actions complained of by plaintiff.  Thus, it
11  was a clearly established right at the time the defendants engaged in their allegedly wrongful acts.

12      3.    <u>Reasonableness</u>

13  While the first two areas of inquiry in the <u>Saucier</u> analysis are pure legal questions for the
14  court, see <u>Trevino v. Gates</u>, 99 F.3d 911, 917 (9th Cir. 1996); <u>Washington v. Lambert</u>, 98 F.3d
15  1181, 1192 (9th Cir. 1996); <u>Stivers v. Pierce</u>, 71 F.3d 1087, 1093 (9th Cir. 1995); <u>ACT
16  UP!/Portland v. Bagley</u>, 988 F.2d 868, 873 (9th Cir. 1993); the third area of inquiry (as to whether
17  a reasonable officer would have thought her or his conduct violated plaintiff's fundamental
18  liberty interest in his relationship with his children) requires a legal determination based upon a
19  prior factual finding as to the government official's conduct, see <u>Neely v. Feinstein</u>, 50 F.3d
20  1502, 1509 (9th Cir. 1995); <u>Shoshone-Bannock Tribes v. Fish & Game Comm'n</u>, 42 F.3d 1278,
21  1285-86 (9th Cir. 1994); <u>Romero v. Kitsap County</u>, 931 F.2d 624, 628 (9th Cir. 1991).

22  As stated above, a motion to dismiss under Rule 12(b)(6) is not the proper vehicle for fact
23  finding/determination.  <u>Swierkiewicz</u>, 534 U.S. at 512. A motion to dismiss merely questions the
24  sufficiency of the pleadings to put the opposing party on notice of a plaintiff's claim(s).  Thus,
25  the third area of inquiry cannot be properly addressed by the Court in this motion.

26  D.    <u>Conclusion</u>

27  Based on the foregoing, it is HEREBY RECOMMENDED that this motion be denied as
28  plaintiff has stated cognizable claims and defendants are not entitled to qualified immunity.

1    These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
3    Within fifteen **(15) days** after being served with these Findings and Recommendations,
4 the parties may file written objections with the court.  The document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
7 Ylst, 951 F.2d 1153 (9th Cir. 1991).
8    IT IS SO ORDERED.
9    **Dated:   February 25, 2008**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE