1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | DAVID A. CARRASCO
Supervising Deputy Attorney General
5 | ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
6 |  1300 I Street, Suite 125
P.O. Box 944255
7 |  Sacramento, CA 94244-2550
Telephone: (916) 323-6879
8 | Fax: (916) 324-5205
Email: Anthony.OBrien@doj.ca.gov
9

10 | Attorneys for Defendants Ortiz, Scribner, Yamamoto,
Castro, Stockman and Surges
11 | SA2007301054

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15 | **DYLAN DUNN,** | Case No.: 1:06-cv-0088 AWI DLB P

16 | Plaintiff, | **OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND**

17 | v. | **RECOMMENDATIONS**

18 | **J. CASTRO, et al.,**

19 | Defendants.

20

21 | **INTRODUCTION**

22 |      Plaintiff Dylan Dunn filed this § 1983 action based on allegations that Defendants

23 | violated his due-process rights by denying his visitation privileges with his children after he was

24 | found guilty of eliciting sexual relations in concert with a minor.  Defendants filed a motion to

25 | dismiss, arguing that Dunn failed to state a due process claim and that they were entitled to

26 | qualified immunity.  The Magistrate Judge issued findings and recommendations recommending

27 | denial of  Defendants' motion.

28 | / / /

1    Defendants object to the Magistrate's findings and recommendations for the following

2  reasons.  First, Defendants are entitled to qualified immunity in denying Dunn visitation

3  privileges; state regulations provided them with discretion to take such action, and there is no

4  law clearly establishing that Dunn has a liberty interest in visitation with his family while he is in

5  prison.  In addition, Defendant Surges cannot be found personally liable for a due process

6  violation based on his role as a Director's level reviewer of Dunn's administrative grievance.

7  Therefore, Defendants request that the Court grant the pending motion and dismiss Dunn's

8  claims against all Defendants.

9                                                   **OBJECTIONS**

10                                                        **I.**

11        **Defendants are entitled to qualified immunity because their discretionary
          actions did not violate any clearly established rights.**

12

13    Defendants are entitled to qualified immunity because they acted reasonably in

14  denying Dunn his visitation privileges.  Under state regulations, Defendants had the discretion to

15  deny visitation rights on finding evidence of sexual misconduct.  Defendants' exercise of this

16  discretion was reasonable.

17    In addition, Defendants did not infringe on any liberty interests in denying Dunn

18  visitation privileges, as such action does not amount to an "atypical and significant hardship . . .

19  in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

20  And, due to the necessary curtailment of rights within the prison environment, it is unclear

21  whether the individuals enjoy a liberty interest in visitation with children while in custody.

22  Therefore, the Defendants are entitled to qualified immunity and dismissal from this action.

23        **A. Defendants are entitled to qualified immunity for discretionary decisions
          regarding restrictions on Dunn's visitation privileges.**

24

25    Defendants' discretionary actions, in restricting Dunn's visitation privileges, were

26  protected actions for purposes of qualified immunity.  Discretionary actions by government

27  officials are protected by qualified immunity as long as such actions do "not violate clearly

28  established statutory or constitutional rights of which a reasonable person would have known."

1 | *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Defendants' discretionary actions did not

2 | violate any clearly established rights, but conformed with state regulations affording them with

3 | such discretion.  Therefore, they are entitled to qualified immunity.

4 |      Defendants' actions did not violate any clearly established statutory rights.  By using

5 | the term *may* in its regulation banning inmate visitation privileges, California Code of

6 | Regulations, title 15, § 3173.1 provided prison officials with discretion to prohibit contact and

7 | non-contact visits, even if the inmate was not convicted of such misconduct.  Cal. Code Regs.,

8 | title 15, § 3173.1 (Dec. 31, 2003).  The charge levied against Dunn, eliciting sexual relations in

9 | concert with a minor, was the type of offense that could result in loss of visitation privileges.

10 | *See* Cal. Code Regs. §§ 3173.1, 3177(b) (Dec. 31, 2003) (listing violation of California Penal

11 | Code § 266j, felony procurement of a child for lewd and lascivious acts, as the type of

12 | misconduct subject to loss of visitation rights).  Because Defendants acted within the discretion

13 | provided them under state regulations, their actions did not violate any clearly established

14 | statutory right.

15 | **B.  Defendants are entitled to qualified immunity because the denial of Dunn's visitation privilege does not amount to an atypical and significant hardship.**

16

17 |      Dunn's visitation privilege do not amount to a hardship beyond the ordinary terms of

18 | confinement.  Under *Sandin*, a prison official's actions infringe on an inmate's liberty interest if

19 | their actions increase the prisoner's sentence or create "an atypical or significant hardship in

20 | relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.

21 |      Here, Dunn has not alleged facts showing violation of a liberty interest.  First, he has

22 | not alleged that the denial of his visitation privilege increased his sentence.  Second, the denial

23 | of visitation privileges is "within the ordinary incidents of confinement and cannot be considered

24 | an atypical and significant hardship."  *Ware v. Morrison*, 276 F.3d 385, 387 (8th Cir. 2002).

25 | Because Dunn does not have a liberty interest in visitation privileges, Defendants are entitled to

26 | qualified immunity.

27 | / / /

28 | / / /

1    **C. Due to the necessary limits to individual rights in the prison environment,**
2    **Dunn does not have a clearly established liberty interest in visitation with his**
     **children.**

3    "Many of the liberties and privileges enjoyed by other citizens must be surrendered by

4    the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).  Freedom of association is one of

5    the rights that is least compatible with incarceration, and some curtailment of that right must be

6    expected in prison. *Id.*; *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119,

7    125 (1977).  Due to such limited freedoms, the Supreme Court has noted that regulations vesting

8    correctional staff with discretion in banning certain visitors do not give rise to a liberty interest.

9    *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 463 (1989).  With such

10   limitation of an inmate's right to association with others, prisoners do not have a clearly

11   established right to visits with family.  Without any law clearly establishing such a liberty

12   interest, Defendants should be dismissed from this action.

13   In its findings and recommendations, the Court stated that a parent has a fundamental

14   liberty interest in the companionship and society of his children. (Findings and

15   Recommendations 4:16-28, 5: 1-5.)  However, the heightened security needs of the prison make

16   it unclear if such a liberty interest applies to prisoners as well.  The cases cited by the Court do

17   not contemplate the limited freedoms allotted to prisoners. *See Kelson v. City of Springfield*, 767

18   F.2d 651 (9th Cir. 1985) (parents sue over loss of companionship of their son, who committed

19   suicide); *see also Santosky v. Kramer*, 455 U.S. 745 (1982) (parents sue after biological children

20   removed from their home and parental rights terminated); *see also Smith v. City of Fontana*, 818

21   F.2d 1411 (9th Cir. 1987) (administratrix and children of decedent sue after decedent killed by

22   police).  While these cases may establish the existence of a liberty interest in the society of

23   children, they are silent as to whether the limited freedoms in prison alter such an interest.

24   Because there is no law clearly establishing Dunn's liberty interest in visitation, Defendants are

25   entitled to qualified immunity.

26   / / /

27   / / /

28   / / /

**II.**

**As a review of Dunn's inmate appeal, Defendant Surges cannot be held personally liable for a due process violation.**

As an inmate, Dunn does not have a legitimate claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1998).  Surges's involvement in this action hinges on his denial of Dunn's inmate appeal at the Director's level review.  (Compl. ¶¶ 22, 29.)  Because Dunn lacks a separate constitutional entitlement to a prison grievance system, he cannot state a claim against Surges for denying his inmate appeal.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (ruling that prisoner does not have a liberty interest in the processing of his appeal).  Therefore, Surges should be dismissed from this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  **CONCLUSION**

2        Defendants are entitled to qualified immunity on Dunn's due process claim.  They

3  acted reasonably and within the discretion provided to them under state law when they restricted

4  Dunn's visitation privileges.  And there is no law clearly establishing that the right of association

5  enjoyed outside of prison applies to prisoners seeking visitation privileges with their children.

6  Finally, Dunn has failed to state a due process claim against Defendant Surges because he does

7  not have a constitutional entitlement to the result of his inmate appeal.  For these reasons,

8  Defendants request that the Court order dismissal of this matter.

9        Dated:  March 12, 2008

10        Respectfully submitted,

11        EDMUND G. BROWN JR.
      Attorney General of the State of California

12        DAVID S. CHANEY
      Chief Assistant Attorney General

13

14        FRANCES T. GRUNDER
      Senior Assistant Attorney General

15        DAVID A. CARRASCO
      Supervising Deputy Attorney General

16

17        */s/ Anthony P. O'Brien*

18

19        ANTHONY P. O'BRIEN
      Deputy Attorney General
      Attorneys for Defendants

20

21  30411168.wpd

22  SA2007301054

23

24

25

26

27

28

1  **<u>DECLARATION OF SERVICE BY U.S. MAIL</u>**

2  Case Name:  **Dylan Dunn v. J. Castro, et al.**

3  No.:  **1:06-cv-0088 AWI DLB P**

4  I declare:

5  I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
6  older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
7  States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
8  Postal Service that same day in the ordinary course of business.

9  On <u>March 12, 2008</u>, I served the attached:

10  **OBJECTIONS TO MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS**

11

12  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite
13  125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

14
Dylan Lee Dunn, H-93331
15  Kern Valley State Prison
P.O Box 6000
16  Delano, CA 93216-6000

17  I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on March 12, 2008, at Sacramento, California.

18

19         D. Jones                                    */s/ D. Jones*

20         Declarant                                    Signature

21  30411168.wpd

22

23

24

25

26

27

28
*Objections to Magistrate Judge's Findings and Recommendations*
7