1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   **DYLAN DUNN,**                      **1:06-cv-0088-AWI-DLB-P**

12                   **Plaintiff,**        **ORDER ADOPTING FINDINGS AND**
                                           **RECOMMENDATION (Doc. 40)**
13   **vs.**
                                           **ORDER DENYING MOTION TO**
14   **J. CASTRO,**                        **DISMISS (#21 & #38)**
     **et al.,**
15
                     **Defendants.**
16   _____/

17

18       Plaintiff is a state prisoner proceeding pro se in this

19   civil rights action pursuant to 42 U.S.C. § 1983.  The matter was

20   referred to a United States Magistrate Judge pursuant to 28

     U.S.C. § 636(b)(1)(B) and Local Rule 72-302.
21
         On February 26, 2008, the Magistrate Judge filed Findings
22
     and a Recommendation that recommended Defendants motion to
23
     dismiss be denied.  The Findings and Recommendations were served
24
     on the parties and contained notice that any objections to the
25
     Findings and Recommendation were to be filed within fifteen (15)
26
     days.  On March 12, 2008, Defendants filed objections to the
27
     Magistrate Judge's Findings and Recommendation.
28

                                    1

1    In accordance with the provisions of 28 U.S.C.

2  § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a

3  de novo review of this case.  Having carefully reviewed the

4  entire file, the Court finds the Findings and Recommendation to

5  be supported by the record and by proper analysis.

6    In the complaint, Plaintiff contends that prison officials

7  are interfering with his right to a relationship with his

8  children by denying visitation with the children. When in prison,

9  "[a]n inmate does not retain rights inconsistent with proper

10 incarceration," and "freedom of association is among the rights

11 least compatible with incarceration." Overton v. Bazzetta, 539

12 U.S. 126, 131 (2003).  "Some curtailment of that freedom must be

13 expected in the prison context." Id.   It is settled law that

14 prisoners have no absolute right to unfettered visitation.

15 Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989);

16 Keenan v. Hall, 83 F.3d 1083, 1092 (9TH Cir. 1996).   Prisoners

17 also have no right to contact visitation.  Barnett v. Centoni, 31

18 F.3d 813, 817 (9th Cir.1994) (per curiam).

19   In this action, Plaintiff is not contesting Defendant's

20 general restrictions on visitation.   Rather, Plaintiff is

21 contending that he has been prohibited from visits with his minor

22 children.   As noted by the Magistrate Judge, Plaintiff's

23 inability to visit with his children implicates the fundamental

24 interest a parent has in maintaining a relationship with his

25 child.   Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir.

26 2001).

27   However, a parent's incarceration places substantial

28 restrictions on his rights of association, even with his own

2

family. <u>Overton</u>, 539 U.S. at 131.   The court recognizes that it
must accord substantial deference to the professional judgment of
prison administrators and in doing so must evaluate the
regulation limiting Plaintiff's access to his children under the
"reasonableness" test set forth in <u>Turner v. Safley</u>, 482 U.S. 78,
89-91 (1987).   These factors require the court to determine (a)
whether the rule has a rational connection to a legitimate
governmental interest; (2) whether alternative means are open to
the inmate to exercise the right; (3) what impact an
accommodation would have on guards, other inmates, prison
resources and the safety of visitors; and (4) whether there are
alternatives. <u>See</u> <u>Overton</u>, 539 U.S. at 132; <u>Turner</u>, 482 U.S. at
89-91.

The current motion before the court is one brought pursuant
to Rule 12(b)(6).   In ruling on this motion, the court may only
look to the complaint.   Based on only the complaint's
allegations alone, the court would likely find the <u>Turner</u> factors
tilting in Plaintiff's favor because this court is bound to the
pleadings and must accept them as true.   As explained by the
Magistrate Judge, it would be improper at this stage to define
disputed facts and dispose of unmeritorious claims.   While a
full application of the <u>Turner</u> facts may result in a judgment in
Defendants' favor once all facts are before the court, such a
finding would be premature.   This case cannot be resolved without
turning to facts outside the pleadings.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendation, filed February 26,
     2008, are ADOPTED IN FULL; and,

3

1        2.    Defendants' motion to dismiss is DENIED.

2

3   IT IS SO ORDERED.

4   **Dated:    March 21, 2008            /s/ Anthony W. Ishii**
                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28