IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN L. DUNN,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CASTRO, ET AL.,<br><br>    Defendants | 1: 06 - CV - 0088  AWI WMW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Documents #45 & #51) |

    On April 10, 2008, Plaintiff filed a motion for the District Court Judge to reconsider the Magistrate Judge's denial of Plaintiff's motion for the appointment of counsel.   On May 20, 2008, Plaintiff filed a motion for the appointment of counsel.

    The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).   The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

    There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Title 28 U.S.C. § 1915 confers on a district court only the

power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989). The court may *ask* counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986).

  Plaintiff contends he needs counsel because his case was not dismissed at the pleading stage, he needs assistance with discovery, he needs assistance at trial, and Plaintiff's access to the law library is minimal. The court has reviewed the file in this action. Plaintiff appears able to present his claims adequately, and the issues at this stage of the case are issues of fact. Plaintiff has filed motions and pleadings throughout this action. Although Plaintiff's filings do not always achieve the quality of papers that are usually prepared by lawyers, Plaintiff's filings have been articulate and organized. The court recognizes the difficulties of litigating a case when a Plaintiff was limited access to the law library. However, the court's April 7, 2008 scheduling order gave numerous deadlines in this action, and this order should be sufficient to allow Plaintiff law library access based on a court order.

  Plaintiff is correct that he would be served by the assistance of counsel because he is pro se and incarcerated. The Ninth Circuit has recognized, "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525. Plaintiff has not made such showing.

  Finally, the court notes that its ability to appoint counsel is constrained by the attorneys in the community who are willing to represent incarcerated pro se plaintiffs upon a request by the

court. Unfortunately, there are very few attorneys that are willing to take such appointments. As such, the court's scarce resources mandate that counsel only be appointed in a limited number of the hundreds of prisoner civil rights cases pending before the court. This case is *not* truly exceptional. Thus, both the motion for reconsideration of the Magistrate Judge's denial of counsel and the motion for appointment of counsel must be denied.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's denial of counsel is DENIED; and

2. Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   May 31, 2008**                             /s/ Anthony W. Ishii
                                                                UNITED STATES DISTRICT JUDGE