# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN L. DUNN, | CASE NO. 1:06-CV-00088-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR QUALIFIED IMMUNITY AND DISMISSING ACTION WITH PREJUDICE |
| v. | |
| J. CASTRO, et al., | (DOCS. 21, 38) |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| _____/ | |

## Order

### I.    Procedural History

Plaintiff Dylan L. Dunn ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed January 27, 2006, against Defendants J. Castro, T. Surges, P. Stockman, D. Ortiz, Y. Yamamoto, and A. K. Scribner for violation of the Due Process Clause of the Fourteenth Amendment.  (Pl.'s Compl., Doc. 1.)

On May 11, 2007, Defendants Surges, Ortiz, Yamamoto, and Scribner filed a motion to dismiss for failure to state a claim and qualified immunity.  (Defs.' Mot. Dismiss, Doc. 21.)  On June 25, 2007, Defendant Stockman joined the other Defendants' motion.  (Doc. 29.)  On August 16, 2007, Defendant Castro joined the Defendants' motion.  (Doc. 38.)  Plaintiff filed his opposition to the motion on July 18, 2007.  (Doc. 31.)  Defendants filed their reply on August 10, 2007.  (Doc. 36.)

1

1    On February 26, 2008, the Magistrate Judge issued a Findings and Recommendation,

2  recommending that Defendants' motion to dismiss be denied.  (Findings and Recommendation,

3  Doc. 40.)  The Magistrate Judge found that Plaintiff had stated a cognizable due process claim,

4  and that Defendants are not entitled to qualified immunity.  Regarding qualified immunity, the

5  Magistrate Judge applied the two step analysis of *Saucier v. Katz*, 533 U.S. 194, 201 (2001),

6  *overruled in part by Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 818 (2009).  The

7  Magistrate Judge found that based on the pleadings, there was a cognizable claim for a violation

8  of Plaintiff's constitutional right to the companionship and society of his child, *see Lee v. City of

9  Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Kelson v. City of Springfield*, 762 F.2d 651, 654-

10  55 (9th Cir. 1985), and that this right was established at the time of the alleged violation.  The

11  Magistrate Judge thus concluded that Defendants were not entitled to qualified immunity.

12    On March 12, 2008, Defendants filed their objections.  (Defs.' Objections, Doc. 41.)

13  Defendants contended that they were entitled to qualified immunity because the right was not

14  clearly established.  Defendants contended, *inter alia*, that because Plaintiff is incarcerated, many

15  of the liberties and privileges enjoyed by other citizens cannot be enjoyed by Plaintiff.  *Overton

16  v. Bazzetta*, 539 U.S. 126, 131 (2003).

17    On March 21, 2008, the Court adopted the Magistrate Judge's Findings and

18  Recommendation in full.  The Court found that based on the pleadings, Plaintiff had sufficiently

19  stated a claim.

20    On April 18, 2008, Defendants appealed this Court's decision to the United States Court

21  of Appeals for the Ninth Circuit.  (Defs.' Notice of Appeal, Doc. 46.)

22    On September 14, 2010, the Ninth Circuit issued a published opinion, reversing this

23  Court's order.  *Dunn v. Castro*, __ F.3d__, No. 08-15957, slip op. 14077 (9th Cir. September 14,

24  2010).  The Ninth Circuit found that Defendants were entitled to qualified immunity on the

25  grounds that the constitutional right was not clearly established at the time of the alleged

26  violation.  *Saucier*, 533 U.S. at 201.  On October 6, 2010, the Ninth Circuit issued its formal

27  mandate.  (Ninth Circuit Mandate, Doc. 57.)

28    Accordingly, the Court issues the following order.

2

1   **II.      Qualified Immunity**

2          Based on the Ninth Circuit's opinion, Defendants are entitled to qualified immunity.  The

3   Ninth Circuit held that this Court erred in finding a fundamental right to companionship with

4   one's child as a broad general proposition, rather than analyzing the right at the appropriate level

5   of specificity, which in this case was the context of lawful incarceration in a prison.  *Dunn*, slip

6   op. at 14087 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).  The Court also held that, based

7   on the pleadings, the deprivation of visitation rights was for eighteen months and not a blanket

8   ban on visitation privileges.  *Id.* at 14091-92.  Furthermore, Plaintiff had violated prison rules

9   when he participated in a sexually explicit phone call that involved a minor, which was grounds

10  for a suspension of visitation rights.  *Id.* at 14092.  Thus, as of 2004, when the alleged violation

11  occurred, there was no clearly established right that proscribed prison officials from suspending

12  visitation rights between an incarcerated parent and his child.  *Id.* at 14094.  Defendants are thus

13  entitled to qualified immunity for Plaintiff's due process claim.  *Id.* at 14094-95.

14         Because all Defendants are entitled to qualified immunity as to Plaintiff's due process

15  claim, there are no more cognizable claims in this action against any Defendants.  Plaintiff will

16  not be granted leave to amend his complaint, as Plaintiff will be unable to cure the deficiencies of

17  his due process claim.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

18  **III.     Conclusion And Order**

19         Based on the foregoing, it is HEREBY ORDERED that

20         1.      Defendants' motion to dismiss, filed May 11, 2007, is granted on the grounds of

21                 qualified immunity; and

22         2.      The Clerk of Court is directed to close this action accordingly.

23

24  IT IS SO ORDERED.

25

26  Dated:    November 13, 2010                      _____

27                                                   CHIEF UNITED STATES DISTRICT JUDGE

28